### Ex parte Julius Edward KOVACS.

### No. 40472.

Court of Criminal Appeals of Texas.

June 28, 1967.

Robert Lee Bobbitt, Jr. (By Appointment), San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order remanding appellant to the custody of the Sheriff of Bexar County for delivery to an agent of the State of New Jersey.

The supporting papers which accompanied the demand and the executive warrant include an affidavit of the chief probation officer, Hunterdon County, New Jersey, which recites that appellant plead guilty to a charge of robbery in 1962 in said county and was placed on probation for a period of five years, and that on August 29, 1966, he violated the terms of such probation in that he left the State of New Jersey without permission from his probation officer.

Appellant's first ground of error is that he was not subject to extradition because he was not in the demanding State on the date alleged in the request of the county prosecutor for the demand.

Appellant's reliance upon Hyatt v. People of State of N. Y., 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657, and Fowler v. Ross, 90 U.S.App.D.C. 305, 196 F.2d 25, is misplaced. In each case the person sought to be extradited was not shown to have been in the demanding State on the day charged in the indictment or application for demand. In situations such as in the cases cited, appellant's presence in the demanding State on the date alleged is of vital importance because he could not be guilty of the offense charged unless he was there. However, in cases of the nature presented here, where appellant's physical presence in the asylum state is proof in itself that he had left the demanding state, proof of the exact date is not required.

In the case at bar appellant testified that he was the same person who had been found guilty of the crime of robbery in the State of New Jersey in 1962, and had been placed on probation and was still on probation. The affidavit of the probation officer alleged that appellant violated the terms of such probation by leaving the State of New Jersey without permission of his probation officer and that he was presently (at the time of making the affidavit) under arrest and in custody of the San Antonio Police Department. The Governor's warrant recites among other charges that appellant stands charged with a violation of probation in New Jersey. This is supported by the demand of the Governor of New Jersey which makes the same recitation.

Appellant's further ground of error is that the trial court erred in holding that it was not material that appellant was not in the demanding State at the time alleged in the demand. To hold in a case of this nature that the probation officer must allege the exact date when probationer violated the terms of his probation by

leaving the State without consent would be placing an impossible burden on the State. The probation officer knows when his probationer should report to him and when he fails to so report and an investigation reveals that he has left the State, it is only natural, unless specific information indicates to the contrary, that the probation officer allege that he left on the date he was to have reported.

Finding no reversible error, the judgment of the trial court is affirmed.